IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WOODROW DUNN, JR.,

    Plaintiff,

vs.                                                                           No. CV 18-00900 KG/GBW

ATTORNEY BRYAN COLLOPY
LEA COUNTY PUBLIC DEFENDER,

    Defendant.

MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under 28 U.S.C. § 1915(A) on the Complaint for Violation of Civil Rights filed by Plaintiff Woodrow Dunn, Jr., on September 21, 2018. (Doc. 1). The Court dismisses the Complaint for failure to state a claim for relief, and the bar of *Heck v. Humphry,* 512 U.S. 477 (1994). The Court also declines to grant leave to amend the Complaint and imposes a "strike" under 28 U.S.C. § 1915(g).

1. <u>Factual and Procedural Background</u>

Plaintiff Woodrow Dunn, Jr., is a prisoner incarcerated at the Northeastern New Mexico Correctional Facility. (Doc. 1 at 1). Plaintiff Dunn is proceeding pro se and *in forma pauperis.* On February 24, 2013, Plaintiff Dunn shot and killed David Rogers at close range in front of witnesses including Plaintiff's father, Woodrow Dunn Sr. (Doc. 8, 10, 11). Plaintiff Dunn was charged with first degree murder in New Mexico state court cause no. D-506-CR-2014-00159. The Court has reviewed the official record in Dunn's state court proceedings through the New Mexico Supreme Court's Secured Online Public Access (SOPA). The Court takes judicial notice of the official New Mexico court records in case no. D-506-CR-2014-00159. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir.2007) (The Court may take judicial notice of

1

publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders v. Dinwiddie,* 2006 WL 2792671 (W.D.Okla.2006) (unpublished opinion) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts); *Stack v. McCotter,* 2003 WL 22422416 (10th Cir.2003) (unpublished opinion) (finding state district court's docket sheet is an official court record subject to judicial notice under Fed. R. Evid. 201).

In case no. D-506-CR-2014-00159, Dunn agreed to plead guilty to Second Degree Murder. The Plea and Disposition Agreement expressly stated that "there are no agreements as to sentencing" and noted that the basic sentence that could be imposed for Second Degree Murder was 15 years. The Agreement reserved the State's right to bring habitual offender charges as provided by law. (October 6, 2014 Plea and Disposition Agreement). Dunn was represented by counsel, Public Defender Bryan Collopy, and the Plea and Disposition Agreement was signed by Dunn and his counsel and approved by the Court. (October 6, 2014 Plea and Disposition Agreement at pp. 3-5). Dunn was sentenced to 15 years imprisonment with one-year enhancements under New Mexico's firearm statute and habitual offender statute. (April 13, 2015 Judgment & Sentence). Two days after sentencing, Dunn filed a Motion seeking to withdraw his plea on the grounds that the sentence imposed was not in accordance with the agreed recommendations in the Plea and Disposition Agreement. (April 15, 2015 Motion to Withdraw Plea). The Court denied his Motion to withdraw the plea. (February 3, 2016 Order Denying Motion to Withdraw Plea).

On March 21, 2016, Dunn filed a Petition for Writ of Habeas Corpus in the state criminal proceeding. The habeas corpus Petition raised issues of lack of competency and ineffective assistance of counsel. (March 21, 2016 Petition for Writ of Habeas Corpus at pp. 2-4). The

State Court denied the Petition for Writ of Habeas Corpus, but set aside the enhancement under the habitual offender statute. (March 28, 2017 Order Denying Petition for Writ of Habeas Corpus and Setting Aside Enhancement Under Habitual Offender Statute.). An Amended Judgment and Sentence was entered on April 3, 2017. Dunn filed a Notice of Appeal, appealing to the New Mexico Court of Appeals on April 30, 2018. That appeal is presently pending before the New Mexico Court of Appeals. In his appeal, Dunn raises issues arising out of an alleged incorrect statement by the District Attorney regarding the gun used to kill Mr. Rogers. (April 30, 2018 Informal Docketing Statement (Criminal)).

Dunn filed a prior Complaint in this Court on May 10, 2018. (*Dunn v. Scramblin,* No. CV 18-441 RB/KRS, Doc. 1). Plaintiff Dunn claims that he was convicted of Second Degree Murder based on a false statement by DA Scramblen. (CV 18-441 RB/KRS, Doc. 1 at 1; Doc. 5).[1] Dunn asserted that:

> "Woodrow Dunn Jr intenshionally took the 357 out of the box a kill Mr. Roger that is False Fact. 'Fact' Mr. Rogers was not kill with a 357 . . . Fact I do not let Erik Scramblen retrack the statement quote <u>Erik Scramblen</u> Woodrow Dunn Jr intenshonlly took a 357 out the box and intentshionlly kill Mr. Rogers on 2-24-13 I was convicted with a false statement."

(CV 18-441 RB/KRS, Doc. 1 at 2, ¶ 5). The essence of Dunn's claim was that the statement regarding shooting Mr. Rogers with a .357 magnum revolver is false because the gun actually used in the murder was a Ruger .44 magnum Super Black Hawk revolver. (CV 18-441 RB/KRS, Doc. 1 at 7, 9). Dunn contended that the misstatement as to the caliber of the gun deprived him of 4th and 14th Amendment rights to due process and a fair trial. (Doc. 1 at 2). Dunn sought $500,000 for false imprisonment, to have his "wrongful" conviction removed from his record,

---

[1] The New Mexico Supreme Court official records list an attorney named Erik M. Scramlin with the Fifth Judicial District Attorney's Office.

and to be released from prison. (CV 18-441 RB/KRS, Doc. 1 at 3). An Amended Prayer for Relief asked this Court to expunge his full criminal record and order the Governor of New Mexico to issue him a full pardon and restore his gun rights. (CV 18-441 RB/KRS, Doc. 4 at 2). The Court dismissed his claims based on prosecutorial immunity, failure to state a claim, and the *Heck* bar. (CV 18-441 RB/KRS, Doc. 13, 19).

In addition to this case and CV 18-441 RB/KRS, Dunn has filed two prior civil rights cases and two habeas corpus cases under 28 U.S.C. §2254 in this Court. *See Dunn v, State,* No. CV 18-394 JB/KK, *Dunn v. Collopy,* CV 18-528 JB/SCY, *Dunn v. Collopy,* CV 18-1043 KG/JHR, and *Dunn v. NENMDF,* No. CV 19-499 MV/GJF. Cases CV 18-394 and CV 18-1043 were voluntarily dismissed. Case no. CV 18-528 was dismissed under Fed. R. Civ. P. 41(b). Case CV 19-499 remains pending before the Court. Dunn also filed five civil rights complaints in state court, which were removed to this Court by the Defendants and are currently pending. *See Dunn v. NENMDF,* CV 19-548 KWR/GBW, *Dunn v. NENMDF,* CV 19-595 KWR/JHR, *Dunn v. NENMDF,* CV 19-876 RB/KK, *Dunn v. NENMDF,* CV 19-881 KWR/KRS, and *Dunn v, NENMDF,* CV 19-882 JB/CG.

Plaintiff Dunn filed his Complaint in this case on September 21, 2018. (Doc. 1). He names, as the sole defendant, Attorney Bryan Collopy, Lea County Public Defender. (Doc. 1 at 1). He alleges that Defendant Collopy was ineffective as defense counsel in his criminal proceeding, violating his 6th and 1st Amendment rights. (Doc. 1 at 3). He argues that, because Collopy was ineffective as defense counsel, his plea in his criminal case was not made knowingly and intelligently. (Doc. 1 at 4). Dunn seeks "Settlement of Damage" in the amount of $5,000,000. (Doc. 1 at 13).

2. Standard for Failure to State a Claim

Plaintiff Dunn is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Twombly*, 550 U.S. at 555; *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim upon which relief may be granted. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The court is not required to accept the truth of the plaintiff's allegations but,

instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

The Court liberally construes the factual allegations in reviewing a pro se complaint. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

3. <u>Any Claims Against Public Defender Collopy Fail to State a § 1983 Claim for Relief</u>

Plaintiff Dunn brings civil rights claims against Public Defender Collopy under 42 U.S.C. § 1983. Section 1983 states:

> "Every person who, *under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia, s*ubjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325.

The Complaint makes no allegations against Defendant Collopy other than that he was performing a lawyer's traditional functions as defense counsel to Dunn in the state criminal proceeding. Because Dunn's claims are all based on allegations regarding the functions of

6

counsel in his criminal case, Defendant Collopy is not a state actor and the complaint against him fails to state a § 1983 claim for relief. *Polk,* 454 U.S. at 325.

4. Plaintiff's Civil Rights Claims are Barred Under *Heck v. Humphrey*

Further, even if Defendant Collopy was a state actor and the Complaint did state a § 1983 claim for relief, all civil rights claims in this case are barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence, declaratory and injunctive relief are also barred by the *Heck* doctrine. *Wilkinson v. Dotson,* 544 U.S. 74, 80-81 (2005). *See also Edwards v. Balisok,* 520 U.S. 641 (1997).

Dunn's complaint specifically attacks his state criminal conviction and asks the Court to award him damages for allegedly wrongful conviction. (Doc. 1 at 3, 4, 13). Dunn's request for relief clearly necessitates the invalidation of his sentence. Because a favorable ruling on Dunn's claims would require treating his sentence in Fifth Judicial District cause no. D-506-CR-2014-00159 as invalid, the civil rights claims in the Complaint must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

5. The Court Declines to Grant Leave to Amend

Ordinarily, the Court is to consider whether to allow a pro se plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy

defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004). Because Plaintiff's claims against his public defender will always fail to state a § 1983 claim and will be barred by *Heck v. Humphry,* any amendment of Plaintiff's Complaint would be futile and the Court will not grant leave to amend.

6. <u>The Court Will Impose a Strike Under 28 U.S.C. § 1915(g)</u>

When it enacted the *in forma pauperis* statute, Congress recognized that "no citizen should be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because his poverty makes it impossible for him to pay or secure the costs." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. at 324. Congress noted that prisoner suits represent a disproportionate share of federal filings and enacted a variety of reforms designed to filter out the bad claims and facilitate consideration of the good. *Jones v. Bock,* 549 U.S. 199, 202-204 (2007). Those reforms have included the three-strike rule of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g).

The three-strike rule of § 1915(g) states:

"In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under

imminent danger of serious physical injury."

Because the Court concludes that Dunn's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the Prison Litigation Reform Act § 1915(g). Dunn is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

IT IS ORDERED:

(1) the Complaint for Violation of Civil Rights filed by Plaintiff Woodrow Dunn, Jr., on September 21, 2018, (Doc. 1) is DISMISSED with prejudice; and

(2) the Court imposes a STRIKE against Plaintiff Woodrow Dunn, Jr., under 28 U.S.C. § 1915(g).

UNITED STATES DISTRICT JUDGE